IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ELIAHUE SHETRIT,                              )
                                             )
            Plaintiff,                        )
                                             )        CV 126-066
      v.                                      )
                                             )
JOYETTE M. HOLMES, Chairman, Georgia          )
State Board of Pardons and Paroles,           )
                                             )
            Defendants.                       )
                                             )

**O R D E R**

Plaintiff Eliahue Shetrit, incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a pleading in the Augusta Division of the Southern District of Georgia pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's pleading, it is unclear whether he is attempting to assert civil rights claims against Defendant concerning her involvement in Plaintiff's parole proceedings, or whether he is attempting to petition for habeas corpus relief from a conviction obtained in Fulton County, Georgia.[1] (Doc. no. 1-1, p. 14)

Under either interpretation of Plaintiff's pleading, the case does not belong in the Southern District of Georgia. If Plaintiff intends to bring a civil rights complaint against Defendant, the proper venue is the Northern District of Georgia because a substantial part of the events described in Plaintiff's pleading occurred, and the named Defendant is located, in and around Fulton County,

---

[1] Although Plaintiff asserts that he is seeking injunctive relief ordering Joyette Holmes to "stop discriminating against Eliahue Shetrit," (doc. no. 1-1 pp. 11-12) the functional result of such an injunction would be Shetrit's release from incarceration which he cannot seek under § 1983. Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

Georgia.  (See doc. no. 1-1, p. 2 acknowledging the Northern District of Georgia as proper venue); 28 U.S.C. § 1391(b).  If Plaintiff seeks habeas corpus relief, it is the practice of this Court to transfer an action attacking a conviction to the District in which the original criminal proceedings were conducted, see 28 U.S.C. § 2241(d), which in this case would also be the Northern District of Georgia.

Accordingly, the Court **ORDERS** this case **TRANSFERRED** to the Northern District of Georgia.  The Court also **DIRECTS** the Clerk to forward the file to that District.  For Plaintiff's information, the mailing address for future filings in the Northern District of Georgia is:  Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3361.

SO ORDERED this 16th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2